**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marco Antonio Glaser,<br><br>              Petitioner,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>              Respondents. | No. CV-16-00784-TUC-EJM<br><br>**ORDER** |

Petitioner Marco Antonio Glaser filed a pro se Petition for a Writ of Habeas Corpus ("PWHC") pursuant to 28 U.S.C. § 2254 on December 14, 2016.[1] (Doc. 1). Petitioner raises four grounds for relief: (1) ineffective assistance of counsel ("IAC") based on counsel's failure to object to the jury seeing Petitioner in shackles and abuse of discretion by the trial court for allowing the jury to see Petitioner in shackles; (2) IAC based on counsel's failure to strike a juror who knew one of the witnesses; (3) IAC when counsel left the trial to attend another hearing, left due to illness, and told irrelevant stories during closing argument; and (4) the trial court committed fundamental error by allowing the jury to see Petitioner in shackles, by failing to strike the juror for cause, and by sending unadmitted exhibits to the jury and then refusing to grant a mistrial. (Doc. 1). Respondents filed an Answer contending that the PWHC is untimely, and further that all

---
[1] Although the Petition was docketed by the Clerk on December 19, 2016, the Court assumes that Petitioner deposited his PWHC in the prison mailing system on December 14, 2016, as indicated by Petitioner's signature on his Petition. (Doc. 1 at 20). In order to give Petitioner the benefit of the earliest date calculations, the Court makes this same assumption for all other documents filed by the Petitioner and included in the record for the present matter.

of Petitioner's claims are procedurally defaulted without excuse. (Doc. 10). Petitioner did not file a reply.

Also pending before the Court is Petitioner's Motion to Withdraw Waiver of Article III Review by Magistrate Judge and for Leave to File First Amended Petition Proceeding Under 28 U.S.C. § 2254. (Doc. 13). Petitioner alleges that the government failed to file a complete and cognizant answer to his petition and that the undersigned failed to issue a disposition on the petition within 180 days. Petitioner's proposed amended petition states additional claims for insufficient evidence, error by the trial court for allowing a witness to testify to hearsay statements, IAC based on the unadmitted exhibits being mistakenly admitted to the jury deliberation room, and structural error by the trial court because the trial judge gave the same jury instructions that were used in Petitioner's first trial, which was a death penalty case. (Doc. 14).

The Court concludes that Petitioner's PWHC is untimely and that Petitioner has not shown that he is entitled to statutory or equitable tolling. Accordingly, the petition will be denied. The Court further finds that granting Petitioner leave to file an amended petition would be futile because the original petition is untimely. Finally, there is no absolute right to withdraw a valid consent to a magistrate judge and Petitioner's request to reassign this matter to a district judge is denied.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

A Pima County Superior Court jury found Petitioner guilty of two counts of first degree murder and three counts of aggravated assault. (Doc. 7 Ex. B). On April 11, 2011, Petitioner was sentenced to two terms of life imprisonment for the murders and three concurrent sentences of 7.5 years for the aggravated assault charges, to run consecutively with the natural life sentences. *Id*.

The Arizona Court of Appeals ("COA") summarized the facts of the case (Doc. 7 Ex. G) as noted in Respondent's Answer (Doc. 7 at 4–5). All parties are familiar with the facts and for brevity's sake the Court will not repeat them here.

Following his conviction, Petitioner sought review in the Arizona COA. (Doc. 7

Ex. C). Appointed counsel filed a brief presenting two issues for review: 1) insufficient evidence to find premeditation for first degree murder and 2) the trial court erroneously permitted a witness to testify to hearsay statements. (Doc. 7 Ex. D). On August 31, 2012, the COA found no reversible error and affirmed Petitioner's conviction and sentence. (Doc. 7 Ex. G).

Petitioner filed a petition for review with the Arizona Supreme Court on September 26, 2012. (Doc. 7 Ex. H). In addition to the claims Petitioner raised in his brief on direct appeal, Petitioner also raised a new claim that no physical or substantial evidence connected him to the crime scene and that he was innocent. Petitioner filed a second petition for review with the Arizona Supreme Court on September 27, 2012 (Doc. 7 Ex. I) and a third petition for review on September 28, 2012 (Doc. 7 Ex. J). All three petitions presented the same claims. On February 15, 2013 the Arizona Supreme Court denied all three petitions for review. (Doc. 7 Ex. K). Petitioner did not file a petition for review with the United States Supreme Court.

**A. First Petition for Post-Conviction Relief**

On February 17, 2013, Petitioner initiated proceedings in Pima County Superior Court for post-conviction relief ("PCR"). (Doc. 7 Ex. L). On February 17, 2014, Petitioner's appointed counsel filed an *Anders* brief stating that she had searched the record and found no errors or arguable questions of law, and asked the court to review the record for fundamental error. (Doc. 7 Ex. M). Counsel further noted that Petitioner raised three IAC claims for relief and requested that Petitioner be given additional time to file a pro se petition: 1) counsel failed to request a mistrial based on a witness knowing a juror; 2) counsel failed to cross-examine Petitioner's sister and her motives for testifying against him; and 3) counsel failed to delineate the lack of physical evidence against Petitioner in his closing argument.

On June 4, 2014, the trial court issued an order denying Petitioner's second request for an extension of time to file a pro se petition and summarily dismissed the PCR petition pursuant to Ariz. R. Crim. P. 32.6(c). (Doc. 7 Ex. N). Petitioner did not file a

petition for review with the Arizona COA.

## B. Second Petition for Post-Conviction Relief

On July 3, 2014 Petitioner filed a second notice of PCR. (Doc. 7 Ex. O). Petitioner alleged newly discovered material facts and stated that the failure to timely file a petition in his first PCR proceedings was not his fault because appointed counsel filed an *Anders* brief and Petitioner's second request for more time was denied and he did not have access to case law. Petitioner alleged three claims for relief: 1) a jury member knew a witness; 2) the jury saw Petitioner in shackles; and 3) abuse of discretion by the trial court.

On July 24, 2014 the trial court issued an order dismissing Petitioner's second notice of PCR as successive and untimely pursuant to Ariz. R. Crim. P. 32.4(a). (Doc. 7 Ex. P). The court further held that Petitioner failed to identify a specific exception or meritorious reason substantiating his claim and that he failed to state a colorable claim for relief, thus no further proceedings were warranted. *Id.* (citing Ariz. R. Crim. P. 32.2(b)).

On August 5, 2014 Petitioner filed a petition for review with the Arizona COA. (Doc. 7 Ex. Q). The COA issued a memorandum decision on November 14, 2014, granting review and denying relief. (Doc. 7 Ex. R). The court noted that Ariz. R. Crim. P. 32.1(f) did not apply to Petitioner's case because that rule only applies to of-right, direct appeals, and further would not apply because Petitioner's first PCR notice was timely. The COA agreed with the trial court that Petitioner had failed to show why the claims in his second PCR notice were not precluded under Rule 32.2(b), and therefore concluded that the trial court properly dismissed Petitioner's second PCR notice.

Petitioner then filed a petition for review with the COA on November 18, 2014, asking the court to reconsider its decision, and alleging that he had provided proof of IAC and abuse of discretion by the trial court. (Doc. 7 Ex. S). Petitioner also filed a petition for review with the Arizona Supreme Court on December 8, 2014. (Doc. 7 Ex. T). Petitioner stated that he was unable to timely file his first PCR petition due to limited access to legal materials, and alleged claims of newly discovered material facts under Ariz. R. Crim. P. 32.1(e) and IAC. On May 26, 2015 the Arizona Supreme Court issued

1 an order denying the petition for review. (Doc. 7 Ex. V).

**C. Third Petition for Post-Conviction Relief**

On July 27, 2015, Petitioner filed his third notice of PCR. (Doc. 7 Ex. W). The PCR petition alleged claims for IAC, denial of Petitioner's right to a fair trial, and abuse of discretion by the trial court. (Doc. 7 Ex. X). On September 9, 2015, the trial court issued an order denying Petitioner's request for counsel and a new trial, and dismissing Petitioner's third PCR notice. (Doc. 7 Ex. Y). The court noted that while Petitioner alleged that his first two PCR notices were incorrectly filed because he did not have counsel, Petitioner did have counsel for his first PCR proceeding but failed to file a pro se petition. The court also noted that Petitioner never filed a petition in the second proceeding and that his second PCR notice was untimely and dismissed. The court held that Petitioner failed to set forth the substance of any specific exception under Ariz. R. Crim. P. 32.2(b) under which his third PCR should be allowed to go forward, and further that Petitioner failed to give any meritorious reasons substantiating his claims or explaining why his claims were not timely filed in his prior PCR proceedings. The court also held that the claims were precluded pursuant to Rules 32.2(a) and (c), that Petitioner failed to state a colorable claim for relief and that no further proceedings were warranted (Rule 32.2(b)), and that because no further proceedings were warranted, Petitioner's request for counsel was denied as moot (Rule 32.4(c)).

Petitioner filed a petition for review with the Arizona COA on September 30, 2015. (Doc. 7 Ex. Z). Petitioner stated that all of his claims fell under Ariz. R. Crim. P. 32.1(h), and he requested that the court review his IAC and abuse of discretion claims. The COA issued a memorandum decision on February 26, 2016, granting review and denying relief. (Doc. 7 Ex. AA). The court noted that the trial court properly summarily dismissed the third PCR proceeding because Petitioner's claims were precluded. The COA found that IAC claims "fall under Rule 32.1(a) and cannot be raised in an untimely proceeding like this one." *Id.* The court further stated it would not address Petitioner's claims under Rule 32.1(h) "because we do not address arguments made for the first time

on review." *Id.*

Petitioner did not file a petition for review with the Arizona Supreme Court. The Court of Appeals issued its mandate on April 27, 2016. (Doc. 1-2 at 38).

**D. Habeas Petition**

Petitioner deposited his PWHC in the prison mailing system on December 14, 2016, alleging four grounds for relief. (Doc. 1; *see* pg 1 above). Respondents contend that the PWHC is untimely and that Petitioner has not shown that he is entitled to statutory or equitable tolling. (Doc. 7). Respondents further allege that even if the petition were timely, all of Petitioner's claims are procedurally defaulted. For the reasons stated below, the undersigned finds that the PWHC is untimely and thus not properly before this Court for review.

**II. STATUTE OF LIMITATIONS**

    **A. Timeliness**

As a threshold matter, the Court must consider whether Petitioner's PWHC is barred by the statute of limitation. *See White v. Klizkie*, 281 F.3d 920, 921–22 (9th Cir. 2002). The writ of habeas corpus affords relief to persons in custody pursuant to the judgment of a state court in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2241(c)(3), 2254(a). Petitions for habeas corpus are governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. § 2244. The AEDPA mandates that a one-year statute of limitations applies to applications for a writ of habeas corpus by a person in state custody. 28 U.S.C. § 2244(d)(1). Section 2244(d)(1) provides that the limitations period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made

> retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1); *Shannon v. Newland*, 410 F.3d 1083 (9th Cir. 2005).

The other subsections being inapplicable here, Petitioner must have filed his habeas petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *see also McQuiggin v. Perkins*, 133 S. Ct. 1924, 1929 (2013). Petitioner was sentenced on April 11, 2011 and timely filed a direct appeal. On August 31, 2012, the COA found no reversible error and affirmed Petitioner's conviction and sentence. Petitioner had 30 days from that date to seek review in the Arizona Supreme Court. *See* Ariz. R. Crim. P. 31.19(a). Petitioner filed petitions for review with the Arizona Supreme Court on September 26, 27, and 28, 2012. The Arizona Supreme Court denied review on February 15, 2013. Petitioner had 90 days from that date to seek a writ of certiorari in the United States Supreme Court. *See Bowen*, 188 F.3d at 1159. Because no petition for certiorari was filed in the United States Supreme Court, Petitioner's judgment became final on May 16, 2013 within the meaning of 28 U.S.C. § 2244(d)(1)(A). Thus, absent any tolling, the one-year limitations period would have commenced on May 16, 2013 and expired on May 16, 2014. *See Bowen*, 188 F.3d at 1159 ("when a petitioner fails to seek a writ of certiorari from the United States Supreme Court, the AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires.").

### B. Statutory Tolling

The one-year limitation period under AEDPA is statutorily tolled during the time in "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Lott v. Mueller*, 304 F.3d 918, 921 (9th Cir. 2002). An application for state post-conviction relief is "'properly filed' when its delivery and acceptance are in compliance

with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). Moreover, if a state court rejects a petitioner's PCR petition as untimely, it cannot be "properly filed" and the petitioner is not entitled to statutory tolling. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

In Arizona, post-conviction review is pending once a notice of post-conviction relief is filed, even though the petition is not filed until later. *Isley v. Arizona Department of Corrections*, 383 F.3d 1054, 1056 (9th Cir. 2004); *see also* Ariz. R. Crim. P. 32.4(a) ("A proceeding is commenced by timely filing a notice of post-conviction relief with the court in which the conviction occurred."). An application for state post-conviction relief remains pending for purposes of § 2244(d)(2) "as long as the ordinary state collateral review process is 'in continuance'—-i.e., 'until the completion of' that process. In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains 'pending.'" *Carey v. Saffold*, 536 U.S. 214, 219–20 (2002). State law determines the conclusion of collateral review and thus state law also determines the conclusion of statutory tolling under the AEDPA. *See Hemmerle v. Schriro*, 495 F.3d 1069, 1077 (9th Cir. 2007).

Here, Petitioner timely and properly filed his first notice of PCR on February 17, 2013. The trial court summarily dismissed Petitioner's first PCR proceeding on June 4, 2014. Petitioner did not timely seek review of that ruling and because no application for post-conviction relief was pending following the trial court's denial, the limitations period began to run the following day on June 5, 2014. *See Evans v. Chavis*, 546 U.S. 189, 191 (2006) (an application for state post-conviction review is "pending" during the period between a lower court's adverse determination and the filing of a timely notice of appeal); *Robinson v. Lewis*, 795 F.3d 926, 928-29 (9th Cir. 2015); *Hemmerle*, 495 F.3d at 1074 ("We conclude that Hemmerle's first PCR notice, which under *Isley* was 'properly filed,' tolled AEDPA's one-year statute of limitations at least until it was summarily dismissed . . . .").[2] Petitioner had one year from that date to file his federal habeas

---

[2] The Ninth Circuit has held that a petitioner is not entitled to statutory tolling for the time period that a petitioner could have, but did not, appeal the lower court's adverse

petition. Accordingly, absent equitable tolling, the statute of limitations expired on June 5, 2015, making Petitioner's December 14, 2016 PWHC untimely.

Unlike the first notice, Petitioner's second and third PCR notices were not "properly filed" and did not statutorily toll the one-year limitations period. "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," including "the time limits upon its delivery . . ." *Artuz*, 531 U.S. at 8. If a petitioner files an application after the generally applicable state time limit, the application may nonetheless be considered "properly filed" if it fits within any exception to that limit. *Pace*, 544 U.S. at 413. However, the existence of exceptions to the state's timely filing requirements does not prevent a late application from being deemed improperly filed when the application does not fit within any exceptions to the time limit. *Id.* at 408. "When a post-conviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)." *Id.* at 414 (internal brackets and quotation marks omitted).

In Arizona, notices for PCR (other than in "of-right" or capital proceedings) "must be filed within ninety days after the entry of judgment and sentence or within thirty days after the issuance of the order and mandate in the direct appeal, whichever is the later." Ariz. R. Crim. P. 32.4(a). In the event that a notice is not timely filed, Rule 32.2(b) of the Arizona Rules of Criminal Procedure sets forth conditions for filing, which if met, exclude the claims contained in the untimely notice from preclusion. *See Pace*, 544 U.S. at 413–14 (comparing conditions of filing with conditions of relief). This rule may permit an untimely or successive petition if a petitioner can establish that (1) he "is being held in custody after the sentence imposed has expired," (2) "[n]ewly discovered material facts probably exist and such facts probably would have changed the verdict or sentence," (3) his "failure to file a notice of post-conviction relief of-right or notice of appeal within the prescribed time was without fault on the defendant's part," (4) "[t]here has been a

---

ruling on collateral review. *Maes v. Chavez*, 792 F.3d 1132, 1135 (9th Cir. 2015). Thus, Petitioner here is not entitled to additional tolling for the time period that he could have, but did not, file a petition for review with the Arizona COA.

- 9 -

significant change in the law that if determined to apply to defendant's case would probably overturn the defendant's conviction or sentence," or (5) "[t]he defendant demonstrates by clear and convincing evidence that the facts underlying the claim would be sufficient to establish that no reasonable fact-finder would have found defendant guilty of the underlying offense beyond a reasonable doubt." Ariz. R. Crim. P. 32.1(d–h). "[T]he notice of post-conviction relief must set forth the substance of the specific exception and the reasons for not raising the claim in the previous petition or in a timely manner." Ariz. R. Crim. P. 32.2(b).

In the instant case, Petitioner's second notice of PCR was untimely filed. Petitioner filed his second notice on July 3, 2014—nearly two years after the COA affirmed Petitioner's conviction and sentence on direct appeal. Furthermore, the record does not reflect that Petitioner complied with Rule 32.2(b) when he submitted his untimely notice, and the trial court specifically found that Petitioner's second PCR was successive and untimely filed and failed to state a colorable claim for relief. Therefore, under state law, the second notice for post-conviction relief was not "properly filed" for purposes of 28 U.S.C. § 2244(d)(2), and the time period during which Petitioner pursued his untimely second PCR petition through the state courts it not subject to statutory tolling. *See Pace*, 544 U.S. at 414 ("When a post-conviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)."); *Trigueros v. Adams*, 658 F.3d 983, 988 (9th Cir. 2011) ("An untimely state petition is not 'properly filed' and does not trigger statutory tolling under AEDPA."); *Banjo v. Ayers*, 614 F.3d 964, 968 (9th Cir. 2010) ("An untimely petition . . . is not 'properly filed' pursuant to 28 U.S.C. § 2254(d)(2), and so it does not toll the statute of limitations.").[3]

---

[3] "Only the time period during which a round of habeas review is pending tolls the statute of limitation; periods between different rounds of collateral attack are not tolled." *Banjo*, 614 F.3d at 968. The Ninth Circuit "employ[s] a two-part test to determine whether the period between the denial of one petition and the filing of a second petition should be tolled. First, we ask whether the petitioner's subsequent petitions are limited to an elaboration of the facts relating to the claims in the first petition. If the petitions are not related, then the subsequent petition constitutes a new round of collateral attack, and the time between them is not tolled. If the successive petition was attempting to correct deficiencies of a prior petition, however, then the prisoner is still making proper use of state court procedures, and habeas review is still pending. Second, if the successive

Furthermore, while a petitioner is entitled to statutory tolling during the entire time he is seeking "one full round" of collateral review in state court, *Carey*, 536 U.S. at 222, successive post-conviction relief petitions do not toll the limitations period. *See* 28 U.S.C. § 2244(d)(2) (tolling limitations period during the time "which a properly filed application for State post-conviction or other collateral review . . . is pending."); Ariz. R. Crim. P. 32.1(d)–(h), 32.4(a) (successive petition for post-conviction relief is limited to certain claims); *Artuz v. Bennett*, 531 U.S. 4, 7 (2000); *see also Waldrip v. Hall*, 548 F.3d 729, 734 (9th Cir. 2008); *Carey v. Saffold*, 536 U.S. 214, 220 (2002). Where, as here, each of the subsequent PCR notices were untimely and not exempt from the preclusion rules, the notices were not properly filed, and Petitioner is not entitled to statutory tolling for the time that his second and third PCR proceedings were pending. On review, the Arizona COA found that the trial court properly dismissed Petitioner's second PCR notice because Petitioner failed to show why his claims were not precluded under Ariz. R. Crim. P. 32.2. In dismissing Petitioner's third PCR notice, the trial court again found that Petitioner failed to set forth the substance of any specific exception under Rule 32.2(b) under which his third PCR should be allowed to go forward, and further that Petitioner failed to give any meritorious reasons substantiating his claims or explaining why his claims were not timely filed in his prior PCR proceedings. The court also held that the claims were precluded under Rules 32.2(a) and (c) and that Petitioner failed to

---

petition was not timely filed, the period between the petitions is not tolled." *Id.* at 968–69 (internal quotations and citations omitted) (noting that because the court concluded the petition was untimely under the second prong of *King*, the court "need not determine whether the petition was a continuation of the first or the start of a second round."); *see also Hemmerle*, 495 F.3d at 1075 (explaining that when the court construes the new petition as part of the first round of collateral review, tolling applies if the petition was denied on the merits but not if the petition was deemed untimely). If a new claim is asserted in the second petition, then the second petition is considered a "new round," even if the second petition corrects deficiencies in the first petition. *Stancle v. Clay*, 692 F.3d 948, 955–56 (9th Cir. 2012) (finding that because the petitioner "did not limit his second petition to an elaboration of the facts and his second petition started a 'new round,' he is not entitled to statutory gap tolling for the [] days between his first and second superior court petitions."). Here, because the undersigned finds that Petitioner's second and third notices of PCR were untimely, Petitioner is not entitled to tolling for the periods between the petitions.

state a colorable claim for relief. On review, the COA again found that the trial court properly summarily dismissed the third PCR proceeding because Petitioner's claims were precluded and untimely.

In sum, the Court finds that Petitioner was only entitled to statutory tolling of ADEPA's one-year statute of limitations until he completed one full round of collateral review in the state courts. That first round of collateral review concluded on June 4, 2014, and Petitioner had one year from that date to file his federal habeas petition. Petitioner's successive and untimely PCR notices did not toll, pause, or re-start the statute of limitations. Accordingly, absent equitable tolling, the statute of limitations expired on June 5, 2015, making Petitioner's December 14, 2016 PWHC untimely.

### C. Equitable Tolling

In certain limited circumstances, AEDPA's one-year filing deadline may be equitably tolled. *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010). A petitioner is entitled to equitable tolling if he can demonstrate that "'(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstances stood in his way'" to prevent him from timely filing a petition. *Id.* at 2562 (quoting *Pace*, 544 U.S. at 418); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) (generally, equitable tolling may be applied only when "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time."). Further, a petitioner must establish a "causal connection" between the extraordinary circumstance and his failure to file a timely petition. *See Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1060 (9th Cir. 2007). "'[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (quoting *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002)).

Here, Petitioner has failed to meet his burden. The record before this Court is devoid of any evidence to demonstrate that Petitioner is entitled to equitable tolling. Petitioner contends that because he is housed in a maximum security unit, it is close to impossible to file legal documents, and he has limited access to the law library. However,

Petitioner has managed to file multiple notices of PCR and petitions for review and reconsideration since his incarceration. Petitioner does not explain why he waited so long to file his habeas petition, and Petitioner's claims are insufficient to demonstrate any extraordinary circumstances that prevented him from timely filing the petition. And, in any event, Petitioner's pro se status, indigence, limited legal resources, ignorance of the law, or lack of representation during the applicable filing period do not constitute extraordinary circumstances justifying equitable tolling. *See, e.g., Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006); *see also Ford v. Pliler*, 590 F.3d 782, 789 (9th Cir. 2009) ("A petitioner's misunderstanding of accurate information cannot merit relief, as equitable tolling requires a petitioner to show that some extraordinary circumstance[ ] beyond [his] control caused his late petition, and this standard has never been satisfied by a petitioner's confusion or ignorance of the law alone."); *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009) ("To apply the doctrine in extraordinary circumstances necessarily suggests the doctrine's rarity, and the requirement that extraordinary circumstances stood in his way suggests that an external force must cause the untimeliness, rather than . . . merely oversight, miscalculation or negligence on the petitioner's part . . . .") (internal quotation marks and brackets omitted)).

Accordingly, the Court finds that Petitioner is not entitled to equitable tolling and the PWHC is untimely.

### III. MOTION FOR LEAVE TO FILE AMENDED PETITION

Petitioner argues (incorrectly) that a magistrate judge must give a disposition on a § 2254 case within 180 days, and that Respondents failed to file a complete and cognizant answer as required by the rules governing § 2254 cases. This is apparently the basis for Petitioner's motion for leave to file an amended petition. Respondents contend that because Petitioner's original petition is untimely, any new claims asserted in the amended petition would also be untimely. Respondents further argue that the new claims do not relate back to the claims in the original petition.

A petition for habeas corpus may be amended pursuant to the Federal Rules of

Civil Procedure. 28 U.S.C. § 2242; *see also* Rule 12, Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (providing that the Federal Rules of Civil Procedure may be applied to habeas petitions to the extent they are not inconsistent with the habeas rules). The Court looks to Rule 15 of the Federal Rules of Civil Procedure to address a party's motion to amend a pleading in a habeas corpus action. *See James v. Pliler*, 269 F.3d 1124, 1126 (9th Cir. 2001).

Under Rule 15(a), leave to amend shall be freely given "when justice so requires." Fed. R. Civ. P. 15(a). Courts must review motions to amend in light of the strong policy permitting amendment. *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 765 (9th Cir. 1986). Factors that may justify denying a motion to amend are undue delay, bad faith or dilatory motive, futility of amendment, undue prejudice to the opposing party, and whether the petitioner has previously amended. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). In addition, "a district court does not abuse its discretion in denying a motion to amend where the movant presents no new facts but only new theories and provides no satisfactory explanation for his failure to fully develop his contentions originally." *Bonin*, 59 F.3d at 845.

Leave to amend may be denied based upon futility alone. *See Bonin*, 59 F.3d at 845. To assess futility, a court necessarily evaluates whether relief may be available on the merits of the proposed claim. *See Caswell v. Calderon*, 363 F.3d 832, 837–39 (9th Cir. 2004) (conducting a two-part futility analysis reviewing both exhaustion of state court remedies and the merits of the proposed claim). If the proposed claims are untimely, unexhausted, or otherwise fail as a matter of law, amendment should be denied as futile. Further, "[c]ourts have been justifiably unwilling to permit amendment to assert new claims that were readily apparent and available when the petition was initially filed." *Halvorsen v. Parker*, 2012 WL 5866220, at *4 (E.D. Ky. Nov. 19, 2012); *cf. Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990) ("Relevant to evaluating the delay issue is whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading.").

Here, the Court finds that amendment would be futile because Petitioner's PWHC is untimely, and allowing Petitioner to file an amended petition would not cure the untimeliness. Petitioner has been in possession of numerous documents related to this case for at least one year, since Respondents filed their Answer and exhibits in February 2017, and does not explain why the new claims could not have been included when his habeas petition was originally filed, or why he waited over one year from the filing date to request amendment. Further, the new claims Petitioner presents in his proposed amended petition were readily apparent and available when the petition was initially filed. Accordingly, Petitioner's motion for leave to file an amended petition is denied.

## IV. MOTION TO WITHDRAW CONSENT TO MAGISTRATE JUDGE

As noted above, Petitioner incorrectly asserts that magistrate judges are required to render a decision on § 2254 petitions within 180 days. Because it has been over 180 days since Petitioner filed this matter, he wishes to withdraw his consent to have this matter proceed before a magistrate judge.

"A party to a federal civil case has, subject to some exceptions, a constitutional right to proceed before an Article III judge." *Dixon v. Ylst*, 990 F.2d 478, 479 (9th Cir. 1993). "This right can be waived, allowing parties to consent to trial before a magistrate judge." *Id.* at 479–80. Pursuant to 28 U.S.C. § 636(c)(4), "[t]he court may, for good cause shown on its own motion, or under extraordinary circumstances shown by any party, vacate a reference of a civil matter to a magistrate judge . . . ." However, parties have no absolute right to withdraw a validly given consent to a magistrate judge, and allowing petitioners "to withdraw consent at will would undermine the role played by magistrate judges in our judicial system." *United States v. Neville*, 985 F.2d 992, 1000 (9th Cir. 1993); *see also Dixon*, 990 F.2d at 480.

Here, Petitioner has failed to show extraordinary circumstances that would justify vacating the reference to the magistrate judge, and the Court does not find good cause. Accordingly, Petitioner's motion is denied.

. . .

## V. CONCLUSION

Based on the above analysis, the Court finds that Petitioner's PWHC is barred by the statute of limitations. Accordingly,

**IT IS HEREBY ORDERED** that the Petition (Doc. 1) is denied and dismissed with prejudice. The Clerk shall enter judgment accordingly.

**IT IS FURTHER ORDERED** denying a Certificate of Appealability and leave to proceed in forma pauperis on appeal because the dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Withdraw Waiver of Article III Review by Magistrate Judge and for Leave to File First Amended Petition Proceeding Under 28 U.S.C. § 2254 is denied. (Doc. 13).

Dated this 30th day of April, 2018.

_Eric J. Markovich_
Eric J. Markovich
United States Magistrate Judge